RECEIVED
IN ALEXANDRIA, LA.
JUN 2 9 2010
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SHAWN DWIGHT GOFF<br>LA. DOC # 503843 | CIVIL ACTION NO. 1:10-cv-0530 |
| VS. | SECTION P |
| | JUDGE JAMES T. TRIMBLE, JR. |
| BURL CAIN, WARDEN | MAG. JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Pro se petitioner Shawn Dwight Goff filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 23, 2010. Petitioner, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, is incarcerated at the Louisiana State Penitentiary, Angola. He attacks his September 30, 2005 convictions for aggravated rape and aggravated incest and the concurrent sentences of life and 20 years imposed by the Ninth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

**Background**

On November 24, 2003, the Rapides Parish Grand Jury returned an indictment charging petitioner with aggravated rape and aggravated incest. [Doc. #1-3, pp. 38-39] Petitioner was found guilty as charged following a bench trial that concluded on September 30, 2005. On December 20, 2005 concurrent sentences of life and 20 years were imposed. [*Id.*, pp. 40-41]

Petitioner appealed his convictions and sentences to the Third Circuit Court of Appeals arguing two assignments of error: (1) insufficiency of the evidence and (2) excessiveness of sentence. [*Id.*, pp. 19-36] On May 31, 2006, his convictions and sentences were affirmed by the Third Circuit Court of Appeals. State of Louisiana v. S.D.G., 2006-175 (La. App. 3 Cir. 5/31/2006), 931 So.2d 1254. (See also Slip Opinion, Doc. #1-3, pp. 1-18)

On June 26, 2006[1] petitioner submitted a *pro se* application for writ of *certiorari* to the Louisiana Supreme Court. [*Id.*, pp. 103-113] On March 16, 2007 the Supreme Court denied writs. State

---

[1] Throughout these proceedings, with the exception of his appeal to the Third Circuit, petitioner was a prisoner proceeding *pro se* and therefore, he should be entitled to the benefits of the "mailbox rule" announced in Houston v. Lack, 487 U.S. 266, 282, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(A prisoner's *pro se* pleading is "filed" the moment he presents it to prison officials for mailing to the court. The date that petitioner signed the pleading is the earliest date that the pleading could be said to have been filed.) The "mailbox rule" has been adopted by the Louisiana Supreme Court, see State of Louisiana ex rel. Egana v. State of Louisiana, 00-2351 (La.9/22/00), 771 So.2d 638, and therefore, for the purposes of this report, and in the absence of evidence to the contrary, the date petitioner signed his *pro se* pleadings will be considered the date of filing.

2

of Louisiana v. S.D.G., 2006-1917 (La. 3/16/2007), 952 So.2d 694. (See also Writ Judgment, Doc. #1-3, p. 37 and p. 102) He did not seek further direct review in the United States Supreme Court.[2]

On January 14, 2008 petitioner filed a *pro se* application for post-conviction relief in the Ninth Judicial District Court arguing a single claim for relief – double jeopardy. [Doc. #1-3, pp. 42-72] On February 7, 2008 his application was denied by the District Court. [*Id.*, pp. 92-93] On February 29, 2008 petitioner applied for writs in the Third Circuit Court of Appeals. [*Id.*, pp. 114-132] On May 12, 2008, his writ application was denied in a writ judgment under Docket Number KH 08-293. [See Doc. #1-3, p. 81[3]]

On June 6, 2008 petitioner submitted a *pro se* writ application to the Louisiana Supreme Court. [*Id.*, pp. 75-91] On October 2, 2009 his application for writs was denied by the Louisiana Supreme Court. State of Louisiana ex rel. Shawn D. Goff v. State of Louisiana, 2008-1344 (La. 10/2/2009), 18 So.3d 111.

---

[2] While this fact was not alleged, a review of the published jurisprudence confirms that petitioner did not seek further direct review in the United States Supreme Court.

[3] Petitioner did not provide a copy of the Third Circuit's judgment denying writs. The date of the judgment and docket number were alleged by petitioner in his subsequent application for writs filed in the Louisiana Supreme Court.

3

Petitioner signed his federal *habeas corpus* on March 23, 2010 [Doc. #1, p. 6; Doc. #1-2, p. 26]

### *Law and Analysis*

### *1. Limitations - §2244(d)(1)(A)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final either by the conclusion of direct review or by the expiration of the time for seeking further direct review. 28 U.S.C. §2244(d)(1)(A).[4]

---

[4] Nothing in the pleadings or record suggest that State created impediments prevented the timely filing of this petition; nor do the pleadings or record suggest that petitioner is relying on newly discovered facts or a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)(B),(C), and (D).

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his convictions and sentences to the Third Circuit Court of Appeals. He timely sought further direct review in the Louisiana Supreme Court when the Court of Appeals affirmed his convictions and sentences. The Louisiana Supreme Court denied writs on March 16, 2007 and petitioner did not seek further direct review in the United States Supreme Court. Therefore his judgment of conviction became final under the provisions of 28 U.S.C. §2244(d)(1)(A) by the conclusion of the time for seeking further direct review 90 days following the Louisiana Supreme Court's March 16, 2007 writ denial. See Ott v.

5

Johnson, 192 F.3d 510, 513 (5th Cir.1999) (The 90 day period for filing for *certiorari* established by U.S. Supreme Court Rule 13(1) is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)). Thus, petitioner's judgment of conviction became final and the one year period of limitations began to run on June 16, 2007.

Petitioner was able to toll the limitations period by filing a timely application for post-conviction relief on January 14, 2008, however, by the time he filed that application, a period of 212 days (or 6 months and 29 days) of the limitations period had already lapsed.

Petitioner was thereafter able to toll limitations during the pendency of his state post-conviction litigation, however, tolling ceased when his writ application was denied by the Louisiana Supreme Court on October 2, 2009. Thereafter, a period of 171 days (or 5 months and 20 days) elapsed before he filed his federal petition for writ of *habeas corpus* on March 23, 2010.

A period of 383 days elapsed un-tolled between the date petitioner's judgment of conviction became final by the conclusion of the time for seeking further direct review and the date he filed his federal petition. Therefore, since more than one year elapsed untolled, this petition is time-barred by the provisions

of 28 U.S.C. §2244(d) and dismissal on that basis is appropriate.

## 2. Equitable Tolling

Petitioner may suggest that he is entitled to equitable tolling, and, of course, the limitations period codified at 28 U.S.C. §2244(d) is subject to equitable tolling in appropriate cases. Holland v. Florida, ___ U.S.___, 2010 WL 2346549 (June 14, 2010). Nevertheless a *habeas* petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

It does not appear that petitioner can rely on the doctrine of equitable tolling because his pleadings and associated exhibits fail to present any "rare and exceptional circumstances" warranting its application. See Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir.1998); see also Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir.2000); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir.1999).[5]

---

[5] Of course, petitioner may object to this Report and Recommendation as outlined below. Should he do so, he is encouraged to allege facts and submit proof in support of those allegations to establish that his petition is either not time-barred or, time-barred but subject to equitable tolling.

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir.1996). Nothing before the Court suggests that petitioner was misled in any way or otherwise prevented from asserting his rights.

Finally, equitable tolling should only be applied if the applicant diligently pursues §2254 relief. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); Scott v. Johnson, 227 F.3d 260, 262 (5th Cir.2000); Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.2000); Coleman v. Thompson, 184 F.3d 398, 403 (1999), cert. denied 120 S.Ct. 2564 (2000). In this case, petitioner was hardly diligent. He inexplicably allowed a period of over 5 months to elapse between the date his post-conviction writ application was denied by the Louisiana Supreme Court on October 2, 2009 and March 23, 2010, the date he filed the instant petition for writ of habeas corpus.

### Conclusion and Recommendation

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that the petition for habeas corpus should

be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Alexandria, Louisiana, this _29th_ day of _June_, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

9